IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 3 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CRUZ MARIO TREVINO and NORMA ALICIA RODRIGUEZ INDIVIDUALLY AND AS NEXT FRIENDS OF RAFAEL ASBEURI, A MINOR, | § § § § § | |
| Plaintiffs | § § | CIVIL ACTION NO.: B-02-099 |
| vs. | § § | |
| WAL-MART STORES, INC., Defendant | § § § | |

## DEFENDANT'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

**DEFENDANT WAL-MART STORES, INC.** files this its First Original Answer to Plaintiff's Original Petition, and would show the Court as follows:

### DISCOVERY CONTROL PLAN LEVEL

1.  In response to Paragraph 1 of Plaintiff's Original Petition, Defendant submits that Discovery should be in conformance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Texas.

### PARTIES AND SERVICE

2.  Defendant Wal-Mart Stores, Inc. is without sufficient information to admit or deny the residence of Cruz Mario Trevino, as alleged in Plaintiffs' Original Petition ¶ 2.

3.  Defendant Wal-Mart Stores, Inc. is without sufficient information at this time to admit or deny the residence of Norma Alicia Rodriguez, as alleged in Plaintiffs' Original Petition ¶ 3.

4. Defendant Wal-Mart Stores, Inc. does not understand the allegations contained in Plaintiffs' Original Petition ¶ 4 and, therefore, denies same.

5. Defendant Wal-Mart Stores, Inc. denies it is a corporation based in Texas or that it is organized under the laws of the State of Texas as alleged in ¶ 5 of Plaintiffs' Original Petition, but admits the remaining allegations contained therein.

## JURISDICTION AND VENUE

6. Defendant admits that the amounts now claimed by the Plaintiffs as damages are within the jurisdictional limits of the federal courts, as alleged in ¶ 6 of Plaintiffs' Original Petition.

7. Defendant denies each and every allegation contained in ¶ 7 of Plaintiffs' Original Petition.

8. Defendant admits that Plaintiffs have alleged that all or a substantial part of the events or omissions occurred in Cameron County, but denies the remaining allegations contained in ¶ 8 of Plaintiffs' Original Petition.

## FACTS

9. Defendant is without sufficient information at this time to admit or deny the allegations that Wal-Mart Stores, Inc. sold a 38 caliber air rifle to Plaintiff Rafael Asbeuri, a minor, and therefore denies same. Defendant denies each and every remaining allegation contained in ¶ 9 of Plaintiffs' Original Petition.

10. Defendant denies each and every allegation contained in ¶ 10 of Plaintiffs' Original Petition.

11. Defendant denies each and every allegation contained in ¶ 11 of Plaintiffs' Original Petition.

12.     Defendant denies each and every allegation contained in ¶ 12 of Plaintiffs' Original Petition.

## EXEMPLARY DAMAGES

13.     Defendant denies each and every allegation contained in ¶ 13 of Plaintiffs' Original Petition.

14.     Defendant denies each and every allegation contained in ¶ 14 of Plaintiff's Original Petition.

15.     Defendant denies each and every allegation contained in ¶ 15 of Plaintiff's Original Petition.

## DAMAGES FOR INJURED PARTY, RAFAEL ASBEURI, A MINOR CHILD

16.     Defendant denies each and every allegation contained in ¶ 16 of Plaintiffs' Original Petition.

## DAMAGES FOR INJURED PARTIES, CRUZ MARIO TREVINO AND NORMA ALICIA RODRIGUEZ

17.     Defendant denies each and every allegation contained in ¶ 17 of Plaintiffs' Original Petition.

## PRAYER

Defendant denies that Plaintiffs are entitled to the damages prayed for, denies that Defendant Wal-Mart Stores, Inc. is responsible for the alleged damages, denies that exemplary damages are warranted, and denies each and every other allegation in Plaintiffs' Prayer in their Original Petition.

## **AFFIRMATIVE DEFENSES**

**I.**

For further answer herein, if such be necessary, Defendant affirmatively asserts that the acts of the Plaintiff RAFAEL ASBEURI, in failing to exercise ordinary care of a reasonable minor of his age for his own safety, was fifty-one percent (51%) of the cause of the alleged injuries, in the alternative, they were the sole cause.

**II.**

Alternatively, Defendant affirmatively asserts that the failure of Plaintiffs Cruz Mario Trevino and Norma Alicia Rodriguez to properly supervise their minor child was fifty-one percent (51%) of the cause of the alleged injuries, or in the alternative, it was the sole cause.

**III.**

Defendant further affirmatively asserts that Plaintiff has failed to allege sufficient facts to state a cause of action against Wal-Mart Stores, Inc.

**IV.**

Defendant affirmatively asserts that Plaintiffs have failed to alleged sufficient facts to form the basis for a claim of punitive damages. Alternatively, Defendant affirmatively asserts any applicable statutory caps on punitive damages.

**IV.**

Defendant affirmatively states that the acts of third parties, as yet unknown, were a contributing cause of Plaintiff's alleged injuries, or alternatively, that they were the sole cause.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that it be released,

discharged and acquitted of the charges filed against it, that Plaintiffs take nothing by reason of this suit, and for such other and further relief to which Defendant may be justly entitled and for which it will forever pray.

                              Respectfully submitted,

                              **DRABEK & ASSOCIATES**
                              1720 E. Harrison, Suite B
                              Harlingen, Texas 78550
                              956/428-4544 Telephone
                              956/428-4880 Facsimile

                              */s/ Jaime A. Drabek*
                              Jaime A. Drabek
                              State Bar No. 06102410
                              Fed. Id. No. 8643
                              Counsel for Defendant

## **CERTIFICATE OF SERVICE**

    I, hereby certify that on these the ___8th___ day of May, 2002, a true and correct copy of the foregoing instrument was sent to all counsel of record by Facsimile, Certified Mail, Return Receipt Requested and/or hand delivery, to wit:

Mr. Richard J. W. Nunez
Law Offices of Richard J. W. Nunez
144 E. Price Road
Brownsville, Texas   78521

*/s/ Jaime A. Drabek*
Jaime A. Drabek