

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

JUL 0 9 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CRUZ MARIO TREVINO and NORMA ALICIA RODRIGUEZ, INDIVIDUALLY AND AS NEXT FRIENDS OF RAFAEL ASBEURI, A MINOR<br><br>Plaintiffs<br><br>VS.<br><br>WAL-MART STORES, INC.,<br>Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.  B-02-CV-099 |

# JOINT PRE-TRIAL ORDER

## 1.    APPEARANCE OF COUNSEL

Plaintiffs:

Cruz Mario Trevino and Norma Alicia Rodriguez, Individually and as Next Friends of Rafael Asbeuri, a Minor

Plaintiff's Counsel:

Mr. Richard J. W. Nunez
144 E. Price Rd.
Brownsville, Texas 78521
Tele #:  956/ 541-8502
Fax #:   956/ 541-8623

Defendant:

Wal-Mart Stores, Inc.

Defendant's Counsel:

Mr. Jaime A. Drabek
DRABEK & ASSOCIATES
1720 E. Harrison, Ste. B
Harlingen, Texas 78550
Tele #:  956/ 428-4544
Fax #:   956/ 428-4880

2.   **STATEMENT OF THE CASE**

This is a negligence action involving the alleged sale of an air rifle/pellet gun to fifteen (15) Rafael Asbeuri. Plaintiff's allege that on or about December 23, 2000, 15 year old Rafael Asbeuri went to the Wal-Mart Store located on Boca Chica Blvd., in Brownsville, Texas, with his uncle. While there, he alleges that he purchased a Marksman Pellet Gun (1790 series, .177 caliber, Serial # 00125368) without the consent of his parents. Plaintiff further alleges that he provided to the clerk inadequate identification which would demonstrate that he was under the age of 16. Plaintiff further alleges that the sale of the air rifle violates Wal-Mart's own corporate policies and federal and state law. Plaintiffs further allege that on or about January 14, 2001, the minor plaintiff, while using the air rifle, injured himself resulting in medical bills and damages.

Wal-Mart agrees that someone purchased that air rifle in question on that date but denies that it was sold to the minor plaintiff. Wal-Mart further contends that the plaintiff was deliberately deceptive on any number of occasions during this alleged transaction. In addition, the minor plaintiff knew and recognized that he was not old enough to purchase the air rifle and that his parents would not approve of it. Wal-Mart further alleges that in injuring himself, the minor plaintiff demonstrated a number of overtly negligent acts which caused him to become injured. Wal-Mart further contends that it was negligent and that his conduct was not a proximate cause of the occurrence and injury in question. Wal-Mart also takes issue with the damages sought by the Plaintiffs. Wal-Mart also denies that there was any violation of federal or state fire arms laws.

3.   **JURISDICTION**

The action is a civil action of which this Court has original jurisdiction under Tile 28 U.S.C. Section 1332.

4.   **MOTIONS**

Plaintiffs:

None.

Defendants:

Please see attached Motion in Limine.

5.   **CONTENTIONS OF THE PARTIES**

A.   Plaintiffs' Contentions:

1.   CRUZ MARIO TREVINO and NORMA ALICIA RODRIGUEZ,

INDIVIDUALLY AND AS NEXT FRIENDS OF RAFAEL ASBEURI, A MINOR, are individuals residing in Cameron County, Texas.

2.   On or about December 23, 2000, during normal business hours, Plaintiff RAFAEL ASBEURI came upon the business premises at Brownsville Cameron County, Texas owned, occupied and maintained by defendant WAL-MART STORES, INC. as a shopping store.

3.   Defendant extended an open invitation to the public, including plaintiff, to enter the premises.

4.   While upon defendant's premises, Defendant WAL-MART STORES, INC., in the normal course of its business as a retail store, sold a certain air rifle to Plaintiff RAFAEL ASBEURI, a minor, knowing full well that the minor Plaintiff was then only fifteen (15) years of age and not authorized by his parents or any authorized adult to purchase the weapon.

5.   Thereafter, on or about January 14, 2001, Plaintiff RAFAEL ASBEURI, using the rifle clandestinely (still unknown to his parents) seriously injured himself.

6.   Consequently, Defendant WAL-MART STORES, INC., intended and expected that the air rifle, sold to the minor Plaintiff without adult supervision or consent, would ultimately reach the minor Plaintiff contrary to Defendant's own policy regarding the sale of such weapons.

7.   On the occasion in question, defendant and its agents, servants, and employees, who were at all times acting in the course and scope of their employment, were guilty of negligence toward the plaintiff in the following aspects:

a.   In negligently inviting, enticing, and/or directing the minor Plaintiff, RAFAEL ASBEURI, into the purchase of said air rifle;

b.   All in which Defendant knew, or in the exercise of ordinary care, should have known;

c.   Defendant's aforementioned conduct constitute a careless, negligent and reckless disregard of a duty of care for others;

d.   Defendant's act and/or omission, involved an extreme degree of risk, considering the probability of harm to the minor Plaintiff and others;

e.   Defendant had actual, subjective awareness of the risk

involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

8.   As a direct and proximate result of defendant's negligence, plaintiff has suffered serious and disabling injuries, to his abdomen, left shoulder and body generally.

9.   In addition, plaintiff has suffered sever physical and mental pain, suffering, and anguish to his damage in the amount of $200,000.00. In all reasonable probability, plaintiff will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life to his damage in the amount of $200,000.00.

10.   As a result of the injuries sustained, plaintiff has incurred reasonable and customary doctor's and medical expenses for necessary medical treatment to his damage in the amount of $8,371.20.

11.   There is a reasonable probability that plaintiff will incur additional reasonable expenses for necessary medical care and attention to his damage in the amount of $10,000.00.

12.   In addition, plaintiff has suffered physical impairment to his damage in the amount of $75,000.00. In all reasonable probability, plaintiff will continue to suffer physical impairment for a long time into the future, if not for the balance of his natural life to his damage in the amount of $75,000.00.

B.   Defendant's Contentions:

1.   Defendant contends that the acts of the Minor RAFAEL ASBEURI, in failing to exercise ordinary care of a reasonable minor of his age for his own safety, was fifty-one percent of the cause of the alleged injuries or, in the alternative, were the sole cause.

2.   Defendant contends that Plaintiff has failed to allege sufficient facts to state a cause of action against Wal-Mart Stores, Inc. in that Plaintiff has failed to show that there are any Texas State of Federal prohibitions against the sale of air rifles to minors.

3.   Defendant contends that it had no actual knowledge that Plaintiff was not 18 years of age.

4.   Defendant contends that the alleged injuries sustained by plaintiffs were not foreseeable.

5.   Defendant contends that the alleged acts of Wal-Mart Stores, Inc.

was not the proximate cause of Plaintiffs' damages.

6. Defendant contends that Plaintiffs have shown no basis for an assessment of exemplary damages against it.

## 6. ADMISSIONS OF FACT

1. The Defendant, WAL-MART, is a corporation and is registered, incorporated, and operating under the laws of the State of Delaware.

2. Defendant, WAL-MART has done and continues to do business in the State of Texas.

3. WAL-MART owned, occupied and maintained a business premises located at Brownsville, Cameron County, Texas.

4. That on December 23, 2000, at 12:04 p.m., an air rifle with UPC # 002678501799 was sold at the Boca Chica Blvd., Wal-Mart Store in Brownsville, Texas.

5. That on December 23, 2000, Rafael Asbeuri was 15 years old.

6. That on January 14, 2001, Rafael Asbeuri injured himself while using an air rifle.

## 7. CONTESTED ISSUES OF FACT:

1. Whether or not Defendant, WAL-MART STORE, INC. was responsible for the sale of the air rifle to a minor;

2. Whether or not the Plaintiff RAFAEL ASBEURI'S actions were partly or solely responsible for the alleged damages sustained by Plaintiff. .

3. Did the negligence, if any, of WAL-MART and/or RAFAEL ASBEURI proximately cause the occurrence in question?

4. Whether Plaintiff, RAFAEL ASBEURI, has sustained serious and/or permanent injuries as alleged in Plaintiff s petition.

5. If both Plaintiff and Defendant are found to be negligent, what percentage of the negligence that caused the occurrence is attributable to each?

6. What sum of money, if any, would fairly compensate RAFAEL ASBEURI for his damages:

7. Whether there are any Texas State laws or Federal laws which prohibit the sale of air rifles to minors without parental consent.

8.    Whether Defendant Wal-Mart Stores, Inc. was aware of Plaintiff RAFAEL
      ASBEURI's age at the time of the purchase of the air rifle.

9.    Whether Plaintiff Rafael Asbeuri purchased the air rifle in question on or
      about December 23, 2000.

10.   The extent and seriousness of Plaintiff's injuries.

## 8.    AGREED PROPOSITIONS OF LAW

1.    Negligence", when used in respect to the conduct of Wal-Mart Stores, Inc.
      means failure to use ordinary care, that is, failing to do that which a owner
      or occupier of a retail premises of ordinary prudence would have done under
      the same or similar circumstances or doing that which an owner or occupier
      of a retail premises of ordinary prudence would not have done under the
      same or similar circumstance.

2.    Negligence" when used in respect to the conduct of Plaintiff RAFAEL
      ASBEURI means the failure to exercise ordinary care of a reasonable minor
      of his age for his own safety.

3.    "Ordinary care", when used in respect to the conduct of Wal-Mart Stores, Inc.
      means that degree of care that would be used by an owner or occupier of a
      retail premises under the same or similar circumstances.

4.    "Ordinary care" when used in respect to Plaintiff RAFAEL ASBEURI, means
      that degree of care that would be used by a reasonable minor of his age
      under the same or similar circumstances.

5.    "Proximate cause" means that cause which, in a natural and continuous
      sequence, unbroken by any new and independent cause, produces an event,
      and without which cause such event would not have occurred; and in order
      to be a proximate cause, the act or omission complained of must be such
      that a person using ordinary care would have foreseen that the event, or
      some similar event , might reasonably result therefrom.  There may be more
      than one proximate cause of an event.

## 9.    CONTESTED PROPOSITIONS OF LAW

1.    Whether the facts of this case evidence "negligence" on the part of the
      Defendant.

2.    Whether the facts of this case evidence "contributory negligence" on the part
      of the Plaintiff.

3.    Whether Defendant was negligent as a matter of law.

4.    Whether the negligence of the minor Plaintiff RAFAEL ASBEURI contributed to or was the sole cause of Plaintiffs' damages.

5.    Whether the acts of Wal-Marts Stores, Inc., acting by and through its agents or employees were the proximate cause of Plaintiffs' damages.

6.    Whether the damages allegedly sustained by Plaintiffs were foreseeable by Wal-Mart Stores, Inc., its agents or employees.

7.    Whether the injuries minor Plaintiff, RAFAEL ASBEURI, sustained were proximately caused by the incident alleged in Plaintiff's petition.

## 10.    EXHIBITS

Plaintiffs:

Plaintiffs' exhibits consist of the billing and medical records of the following health care providers:

1.    Dr. Everett Nievera, M.D.
2.    Dr. She Ling Wong, M.D.
3.    Dr. Luis M. Garcia, M.D.
4.    Dr. Rafael M. De La Garza, M.D.
5.    Dr. Ana C. Gutierrez, M.D.
6.    Dr. William McKinney, M.D.
7.    Valley Regional Medical Center

Defendant:

1.    Please see attached Exhibit List.

## 11.    WITNESSES

Plaintiffs:

1.    Rafael Asbeuri, 6402 Pierre Ave., Brownsville, Texas 78520, 956/ 504-3058.

2.    Cruz Mario Trevino, 6402 Pierre Ave., Brownsville, Texas 78520, 956/ 504-3058.

3.    Norma Alicia Rodriguez, 6402 Pierre Ave., Brownsville, Texas 78520, 956/ 504-3058.

4.    Cesar Cruz, Wal-Mart Employee, address and phone number unknown.

5.    Raymond Musque Cortez. Sporting Goods Manager, Wal-Mart Stores

#1000, 2721 Boca Chica Blvd., Brownsville, Texas 78521, 956/ 544-0394.

6.   Dr. Everett Nievera, M.D., 800 W. Jefferson # 180, Brownsville, Texas 78520, 956/ 544-2420.

7.   Dr. She Ling Wong, M.D., 100 B. Alton Gloor, Suite 300, Brownsville, Texas 78521, 956/ 350-0077.

8.   Dr. Luis M. Garcia, M.D., 2390 Central Blvd., Suite M., Brownsville, Texas 78521, 956/ 574-9096.

9.   Dr. Rafael M. De La Garza, M.D., 800 W. Jefferson, Suite 180, Brownsville, Texas 78521,

10.  Dr. Ana C. Gutierrez, M.D., 1313 Alton Gloor Blvd., Suite C, Brownsville, Texas 78521, 956/ 550-8944,

11.  Dr. William McKinney, M.D., 1040 W. Jefferson, Brownsville, Texas 78520, 956/ 544-1478.

If other witness to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses.

<u>Defendant:</u>

1.   Please see attached Witness List.

## 12.   SETTLEMENT

There has been no settlement demand or offer on this case.

## 13.   TRIAL

The trial should not be longer than 2-3 days.

## 14.   ATTACHMENTS

<u>Plaintiffs:</u>

1.   Plaintiffs' Proposed Questions on Voir Dire Examination;

2.   Plaintiff's Proposed Definitions and Issues of Fact to be submitted to the Jury.

Defendant:

1.    Defendant's Proposed Questions on Voir Dire Examination;

2.    Defendant's List of Exhibits;

3.    Defendant's List of Witnesses;

4.    Defendant's Proposed Charge and Questions for the Jury; and

5.    Defendant's Motion in Limine.

APPROVED:

Date: _____4- 9-0 3_____        RICHARD J.W. NUNEZ
                                        *ATTORNEY FOR PLAINTIFFS*

Date: _____7- 0 9 - 0 5_____       JAIME A. DRABEK
                                        *ATTORNEY FOR DEFENDANT*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CRUZ MARIO TREVINO and NORMA    §
ALICIA RODRIGUEZ, INDIVIDUALLY    §
AND AS NEXT FRIENDS OF    §
RAFAEL ASBEURI, A MINOR    §
              **Plaintiffs**    §    CIVIL ACTION NO.   **B-02-CV-099**
               §
**VS.**    §
               §
**WAL-MART STORES, INC.,**    §
          **Defendant**    §

## PLAINTIFFS' PROPOSED QUESTIONS FOR VOIR DIRE EXAMINATION

1. Anyone familiar with parties? Effect impartiality?

2. Anyone familiar with witnesses? Effect impartiality?

3. Anyone familiar with attorneys? Effect impartiality?

4. Anyone familiar with case? Effect impartiality?

5. Anyone have family working for Wal-Mart or Sam's?

6. Anyone ever been sued? Effect impartiality?

7. Anyone think lawsuits should never be filed to resolve disputes?

8. Anyone heard or seen anything about Citizens against lawsuit abuse? What heard or seen? In what way has it effected your thinking about lawsuits? What should be done about the subject? Has it effected you ability to be fair and impartial to a person who has filed a lawsuit?

9. Anyone think that no set of circumstances could exist, which would justify the award of $600,000.00 for damages?

10. Would you be able to impartially listen to all the evidence and consider with an open mind a request for a $600,000,00 verdict for actual damages before making your decision?

11. Do you think that anyone who is injured by the use of a weapon must be at fault, regardless of the circumstances?

12.    Anyone heard of "lawsuit crises", or "liability crisis"?  What have you heard? How has it effected your thinking?  What do You think should be done about it?  Effected your ability to be fair and impartial to both sides?

13.    Anyone have any reason that they would be unable to be fair and impartial to both plaintiff and defendant?

14.    Anyone unable to make a substantial award of money for physical pain and mental anguish, regardless of the circumstances.

15.    Because plaintiff brought suit, would anyone require them to prove their case by more than a preponderance or greater weight of the evidence.

16.    Anyone think that Wal-Mart should not be held responsible for Rafael Asbeuri's' injuries if the evidence shows his injuries and complications form his injuries were more severe than what most people would have suffered?

17.    Anyone or their family ever been employed in any business that had to do with claims adjusting?

18.    Anyone own stock in Wal-Mart Stores, Inc.?

19.    Anyone work for Wal-Mart Stores, Inc-?

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CRUZ MARIO TREVINO and NORMA | § | |
| ALICIA RODRIGUEZ, INDIVIDUALLY | § | |
| AND AS NEXT FRIENDS OF | § | |
| RAFAEL ASBEURI, A MINOR | § | |
| **Plaintiffs** | § | CIVIL ACTION NO.   B-02-CV-099 |
| | § | |
| **VS.** | § | |
| | § | |
| **WAL-MART STORES, INC.,** | § | |
| **Defendant** | § | |

## PLAINTIFFS' PROPOSED DEFINITIONS AND ISSUES OF FACT
## TO BE SUBMITTED TO THE JURY

Answer "Yes" or "No" to all questions unless otherwise instructed. A "Yes" answer must be based on a preponderance of the evidence. If you do not find that a preponderance of the evidence supports a "Yes" answer, then answer "No." The term "preponderance of the evidence" means the greater weight and degree of credible testimony or evidence introduced before you and admitted in this case. Whenever a question requires an answer other than "Yes" or "No", your answer must be based on a preponderance of the evidence.

Definition:   Negligence and Ordinary Care. "Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances,

Definition:   Proximate Cause. "Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

1)   Did the negligence, if any, of those named below proximately cause the occurrence in question?

Answer "Yes" or "No" for each of the following:

Wal-Mart Stores, Inc.          _____

Rafael Asbeuri                 _____

If, in answer to Question 1, you have found that the negligence of more than one of those named below proximately caused the occurrence, then answer the following question. Otherwise, do not answer the following question.

2)     What percentage of the negligence that caused the occurrence do you find to be attributable to each of those found by you, in your answer to Question 1, to have been negligent?

The percentage you find must total 100%. The negligence attributable to anyone named below is not necessarily measured by the number of acts or omissions found.

Wal-Mart Stores, Inc.          _____

Rafael Asbeuri                 _____

Total                    100%

If, in Answer to Question 1, you have answered "No" for Rafael Asbeuri or if, in answer to Question 2, you have answered 50% or less for Rafael Asbeuri, then answer the following question. Otherwise, do not answer the following question.

3)     What sum of money, if paid now in cash, would fairly and reasonably compensate Rafael Asbeuri for his injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element, Do not include interest on any amount of damages you find.

a.     Physical pain and mental anguish.

b.     Disfigurement.

c.     Physical impairment.

d.     Medical care.

Do not reduce the amounts, if any, in your answers because of the negligence, if any, of RAFAEL ASBEURI.

Answer in dollars and cents for damages, if any, that were sustained in the past and that in reasonable probability will be sustained in the future.

Answer: _____

4.     What sum of money, if paid now in cash, would fairly and reasonably compensate Rafael Asbeuri for the injuries he will in reasonable probability suffer in the future as a result of the occurrence in question?

Consider the elements of damages listed below and none other.  Consider each element separately.  Do not include damages for one element in any other element.  Do not include interest on any amount of damages you find.

     a.     Physical pain and mental anguish.

     b.     Disfigurement.

     c.     Physical impairment.

     d.     Medical care.

Do not reduce the amounts, if any, in your answers because of the negligence, if any, of RAFAEL ASBEURI.

Answer in dollars and cents for damages, if any,

Answer: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CRUZ MARIO TREVINO and NORMA   §
ALICIA RODRIGUEZ, INDIVIDUALLY   §
AND AS NEXT FRIENDS OF   §
RAFAEL ASBEURI, A MINOR   §
                **Plaintiffs**   §   CIVIL ACTION NO.   B-02-CV-099
                     §
**VS.**   §
                     §
**WAL-MART STORES, INC.,**   §
                **Defendant**   §

## DEFENDANT'S REQUESTED VOIR DIRE EXAMINATION OF THE JURY PANEL

The Defendant submits the following proposed questions for voir dire examination and ask that they be submitted to the jury panel.

1.    Is anyone familiar with the parties? If so, will it effect impartiality?

2.    Is anyone familiar with the witnesses? If so will it effect impartiality?

3.    Is anyone familiar with the attorneys? If so, will it effect impartiality?

4.    Is anyone familiar with the case? If so, will it effect impartiality?

5.    Do any of you have any family, relatives that now work or used to work at Wal-Mart Stores?

6.    Were any of those family, relatives employments terminated? Why?

7.    Would that experience effect your impartiality? Why?

8.    Have any of those relatives expressed displeasure with their employment at Wal-Mart? Why? Would that experience effect your impartiality?

9.   Have any of you shopped before in a Wal-Mart Store?

10.  Did any of you have an unpleasant experience?

11.  Explain the circumstances of that experience.

12.  Would that experience effect your impartiality?

13.  Has anyone heard of one of their friends having an unpleasant experience while shopping at Wal-Mart Stores?

14.  Explain the circumstances of that experience.

15.  Would that experience effect your impartiality?

16.  Has anyone ever been sued? If so, would that effect your impartiality?

17.  Does anyone believe that simply because Plaintiffs have filed a lawsuit and are now in effect in court that they must automatically be entitled to some recovery?

18.  Does anyone feel that a fifteen year old should never be held responsible for his own actions?

19.  Does anyone believe that retail store should not sell air rifles under any circumstances?

20.  Has anyone been a party to a lawsuit before?

21.  What were the circumstances of your involvement?

22.  Would that effect your impartiality?

23.  Has anyone been a witness in a lawsuit before?

24.  Would that experience effect your impartiality?

25.  Is there anyone who would have any reason that they would be unable to be fair and impartial to both Plaintiffs and Defendant?

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CRUZ MARIO TREVINO and NORMA ALICIA RODRIGUEZ, INDIVIDUALLY AND AS NEXT FRIENDS OF RAFAEL ASBEURI, A MINOR<br>**Plaintiffs** | § § § § § § § § § § | CIVIL ACTION NO. __B-02-CV-099__ |
| **VS.** | | |
| **WAL-MART STORES, INC.,**<br>**Defendant** | | |

# DEFENDANT'S EXHIBIT LIST

1. Store receipt for purchase of an air rifle.

2. Deposition transcript & video of Cruz Mario Trevino.

3. Deposition transcript & video of Norma Alicia Rodriguez.

4. Deposition transcript & video of Rafael Asbeuri.

5. Medical & Radiology Records from She Ling Wong, M.D. pertaining to minor Plaintiff.

6. Billing Records from She Ling Wong, M.D. pertaining to minor Plaintiff.

7. Medical Records from Brownsville Medical Center pertaining to minor Plaintiff.

8. Billing Records from Brownsville Medical Center pertaining to minor Plaintiff.

9. Radiology Records from Brownsville Medical Center pertaining to minor Plaintiff.

10. Medical Records from Everett Nievera, M.D. pertaining to minor Plaintiff.

11. Billing Records from Everett Nievera, M.D. pertaining to minor Plaintiff.

12. Radiology Records from Everett Nievera, M.D. pertaining to minor Plaintiff.

13. Medical Records from Rafael M. De La Cruz, M.D. pertaining to minor Plaintiff.

14. *Billing Records from Rafael M. De La Cruz, M.D. pertaining to minor Plaintiff.*

15. Radiology Records from Rafael M. De La Cruz, M.D. pertaining to minor Plaintiff.

16.  Medical Records from Luis M. Garcia, M.D. pertaining to minor Plaintiff.

17.  Billing Records from Luis M. Garcia, M.D. pertaining to minor Plaintiff.

18.  Radiology Records from Luis M. Garcia, M.D. pertaining to minor Plaintiff.

19.  Medical Records from Ana C. Gutierrez, M.D. pertaining to minor Plaintiff.

20.  Billing Records from Ana C. Gutierrez, M.D. pertaining to minor Plaintiff.

21.  Radiology Records from Ana C. Gutierrez, M.D. pertaining to minor Plaintiff.

22.  Medical Records from William McKinney, M.D. pertaining to minor Plaintiff.

23.  Billing Records from William McKinney, M.D. pertaining to minor Plaintiff.

24.  Radiology Records from William McKinney, M.D. pertaining to minor Plaintiff.

25.  Medical Records from Valley Regional Medical Center pertaining to minor Plaintiff.

26.  Billing Records from Valley Regional Medical Center pertaining to minor Plaintiff.

27.  Radiology Records from Valley Regional Medical Center pertaining to minor Plaintiff.

28.  Academic Records from Porter High School pertaining to minor Plaintiff.

29.  Personnel/ Payroll Records from Jorge Cervantes Construction pertaining to Plaintiff, Cruz Mario Trevino.

30.  Personnel/ Payroll Records from Nena's Café pertaining to Plaintiff, Norma Alicia Rodriguez.

31.  Plaintiffs' answers, responses and/or objections to Defendant's First Set of Interrogatories and Requests for Production.

32.  Plaintiff's supplemental answers and/or responses to Defendant's First Set of Interrogatories and Requests for Production.

33.  Owner's manual for a 1790 Series .177 caliber pellet gun manufactured by Marksman Products of Huntington Beach, California .

34.  The air rifle in question.

35.  Plaintiff, Rafael Asbeuri's Porter High School I.D. Card.

36.  Sale of Firearms - July 22, 1999 to current *(WMRT 0002317-2324).*

37.    Federal Firearms Documentation - March, 2000 to current *(WMRT 0002325-2328)*.

38.    CBL Module-Firearm Record Keeping I - May 1, 1998 to current *(WMRT 0002329-2360)*.

39.    CBL Module-Firearm Record Keeping II - May 1, 1998 to current *(WMRT 0002361-2379)*.

40.    Policy Possession of Firearms - June 23, 1997 to current *(WMRT 0002316)*.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | |
|---|---|
| CRUZ MARIO TREVINO and NORMA ALICIA RODRIGUEZ, INDIVIDUALLY AND AS NEXT FRIENDS OF RAFAEL ASBEURI, A MINOR<br><br>Plaintiffs<br><br>VS.<br><br>WAL-MART STORES, INC.,<br>Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    CIVIL ACTION NO.   B-02-CV-099 |

### DEFENDANT'S WITNESS LIST

| NO | NAME | ADDRESS & TELE # | BRIEF STATEMENT OF FACTS |
|---|---|---|---|
| 1 | Cruz Mario Trevino | 3154 Leopard Street Brownsville, Texas 78521 | Plaintiff. |
| 2 | Norma Alicia Rodriguez | 3154 Leopard Street Brownsville, Texas 78521 | Plaintiff. |
| 3 | Rafael Asbeuri | 3154 Leopard Street Brownsville, Texas 78521 | Plaintiff. |
| 4 | Raymond Musque Cortez | Wal-Mart Store #1000 2721 Boca Chica Blvd. Brownsville, Texas 78521 956/ 544-0394 | Sporting Goods Manager. Mr. Musque was the manager on duty at the time of minor Plaintiff's alleged purchase of a Marks Man product - Biathalon Air Rifle #002678501799. |
| 5 | Cesar De La Cruz | 318 South Dr. Brownsville, Texas 78520 956/ 544-1266 | Former Sales Associate for Defendant. Mr. De La Cruz allegedly sold the Marks Man product - Biathalon Air Rifle #002678501799 complained of to minor Plaintiff. |
| 6 | Custodian of Records for Brownsville Medical Center | 1040 W. Jefferson Street Brownsville, Texas 78521 (956) 544-1400 | Treated Minor Plaintiff for injuries sustained as a result of the alleged occurrence. |

| 7 | She Ling Wong, M.D., P.A. and/or Custodian of Records | 100 E. Alton Gloor Blvd. Brownsville, Texas 78521 (956) 350-0077 | Treated Minor Plaintiff for injuries sustained as a result of the alleged occurrence. |
|---|---|---|---|
| 8 | Everett Nievera, M.D. and/or Custodian of Records | 800 W. Jefferson, #180 Brownsville, Texas 78520 956/ 544-2420 | Treated Minor Plaintiff for injuries sustained as a result of the alleged occurrence. |
| 9 | Rafael M. De La Cruz, M.D. and/or Custodian of Records | 800 W. Jefferson, #180 Brownsville, Texas 78520 956/ 544-2420 | Treated Minor Plaintiff for injuries sustained as a result of the alleged occurrence. |
| 10 | Luis M. Garcia, M.D. and/or Custodian of Records | 2390 Central Blvd., Suite M Brownsville, Texas 78520 956/ 574-9096 | Treated Minor Plaintiff for injuries sustained as a result of the alleged occurrence. |
| 11 | Ana C. Gutierrez, M.D. and/or Custodian of Records | 1313 Alton Gloor Blvd., Ste. C Brownsville, Texas 78521 956/ 550-8944 | Treated Minor Plaintiff for injuries sustained as a result of the alleged occurrence. |
| 12 | William McKinney, M.D. and/or Custodian of Records | 1040 W. Jefferson Brownsville, Texas 78520 956/ 544-1478 | Treated Minor Plaintiff for injuries sustained as a result of the alleged occurrence. |
| 13 | Valley Regional Medical Center and/or Custodian of Records | 100-A Alton Gloor Brownsville, Texas 78521 | Treated Minor Plaintiff for injuries sustained as a result of the alleged occurrence. |
| 14 | Porter High School and/or Custodian of Records | 3500 International Blvd. Brownsville, Texas 78521 | School that Minor Plaintiff attended at the time of the alleged occurrence. |
| 15 | Jorge Cervantes Construction and/or Custodian of Records | Brownsville, Texas | Plaintiff, Cruz Mario Trevino's employer at the time of the alleged occurrence. |
| 16 | Nena's Cafe and/or Custodian of Records | 715 N. Expressway Brownsville, Texas 78520 956/ 541-1668 | Plaintiff, Norma Alicia Rodriguez' employer at the time of the alleged occurrence. |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CRUZ MARIO TREVINO and NORMA ALICIA RODRIGUEZ, INDIVIDUALLY AND AS NEXT FRIENDS OF RAFAEL ASBEURI, A MINOR | § § § § | |
| Plaintiffs | § | CIVIL ACTION NO. __B-02-CV-099__ |
| | § | |
| VS. | § | |
| | § | |
| WAL-MART STORES, INC., | § | |
| Defendant | § | |

## DEFENDANTS' PROPOSED CHARGE TO THE JURY

MEMBERS OF THE JURY:

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the Court as to the law applicable in this case. When arriving at your verdict and in your deliberations, it is your duty to follow these instructions and to apply the rules of law here given to you and to find the facts of this case from the evidence introduced at the trial and in accordance with these rules of law.

You are not to single out one instruction alone as stating the law, but you must consider the instructions as a whole.

You are the sole and exclusive judges of the facts. You should determine these facts without any bias, prejudice, sympathy, fear, or favor and this determination should be made from a fair consideration of all evidence that you have seen and heard at trial. Do not speculate on matters which are not in evidence, and you should never discuss this

with anyone until such time as you are discharged, except among yourselves when have been retired to deliberate your verdict.

You are not bound by any opinion which you might think the Court has concerning the facts of this case, and if I have in any way said or done anything which leads you to believe that I have any opinions about the facts in this case you are here instructed to disregard it. Further, nothing in these instructions to you is made for the purpose of suggesting or conveying to you an intimation as to what verdict I think you should find.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. A corporation is entitled to the same fair trial at your hands as a private individual. All persons, including corporations, partnerships, unincorporated associations, and other organizations, stand equal before the law, and are to be dealt with as equals in a court of justice.

You are instructed that the statements and arguments of counsel are not evidence. They are only intended to assist the jury in understanding the evidence and the position and contentions of the parties to this suit. The jury should not consider or be influenced by the fact that during the trial of this case, counsel have made objections to the testimony, as it is their duty to do so, and it is the duty of the Court to rule on them in accordance with the law.

It is the function of the jury to determine the credibility of each witness and to determine the weight to be given to his testimony. In weighing the testimony of a witness, you should give that testimony careful scrutiny. Consider all of the circumstances under which each witness has testified, his appearance and demeanor while on the witness

stand, his apparent candor and fairness, or the lack thereof, the reasonableness or unreasonableness of his testimony, the interest, if any, he has in the outcome of the case, and the extent to which he is contradicted or supported by other credible evidence. You will rely on your own good judgment and common sense in considering the evidence and determining the weight to be given it.

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence, unless I instruct you otherwise.

"Preponderance of the evidence" means such evidence, when considered and compared with that opposed to it, is more convincing and produces in your mind the belief that what is sought to be proved is more likely true than not true. In determining whether any fact in issue has been proven by a preponderance of the evidence, you should consider the testimony of all witnesses and all exhibits received in evidence, regardless of who may have introduced them.

Generally speaking, there are two types of evidence which a jury may consider in properly find the truth as to the facts of the case. One is direct evidence--such as testimony of an eyewitness. The other is indirect or circumstantial evidence--the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts. As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Do not decide who you think should win and then try to answer the questions. You will not decide any issue by lot, by drawing straws, or by the use of any other method of chance. Further, do not do any trading on your answers as your answers and verdict must

be unanimous; that is, all of the jurors must agree to each of your answers.

During the trial of this case, certain testimony has been presented to you by way of deposition consisting of sworn recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in writing under oath or on a video recording  played on a television set. Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighted, and otherwise considered by the jury, insofar as possible, in the same  way as if the witness had been present, and had testified from the witness stand.

The Plaintiffs, Cruz Mario Trevino and Norma Alicia Rodriguez, Individually and as Next Friends of Rafael Asbeuri, a Minor, have alleged that minor Plaintiff was injured due to the negligence of the Defendant, Wal-Mart Stores, Inc.

If you determine that the Plaintiff has proven that she was injured due to Wal-Mart Store, Inc.'s negligence, then the defendant is liable to the plaintiffs on their claim for compensation.

Upon retiring to the jury room, you will select one of your number to act as your foreman or forewomen to preside over your deliberations, and speak for you here in Court. If, during deliberations, you wish to communicate with the Court, your message or question must be written and signed by your foreman or forewoman. Pass the note to the Marshall, who will give it to me. I will then respond as promptly as possible, either in writing or by having you return to the Courtroom so that I can address you orally. I caution you, however, that any note you might send must never reveal your answers to the issues or

C. Trevino/ #00393/ Pleadings/ Charge                                                                4

your numerical division at that time.

Your verdict must represent the considered judgment of each juror, and it must be unanimous; that is each juror must agree to each of your answers. When you have reached unanimous agreement, your foreman or forewoman will fill in the verdict form, date and sign it, and then you will return to the Courtroom.

Remember at all times that you are not partisans. You are judges--judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

## QUESTION NO. 1

**Did the negligence, if any, of any person or entity named below proximately cause the occurrence or injury in question?**

"Negligence", when used in respect to the conduct of Wal-Mart Stores, Inc. means failure to use ordinary care, that is, failing to do that which a owner or occupier of a retail premises of ordinary prudence would have done under the same or similar circumstances or doing that which an owner or occupier of a retail premises of ordinary prudence would not have done under the same or similar circumstances. "Ordinary care", when used in respect to the conduct of Wal-Mart Stores, Inc. means that degree of care that would be used by an owner or occupier of a retail premises under the same or similar circumstances.

"Negligence" when used in respect to the conduct of Plaintiff Rafael Asbeuri means the failure to exercise ordinary care of a reasonable minor of his age for his own safety. "Ordinary care" when used in respect to Plaintiff Rafael Asbeuri, means that degree of care that would be used by a reasonable minor of his age under the same or similar circumstances

"Proximate cause" means that cause which, in a natural and continuous sequence, unbroken by any new and independent cause, produces an event, and without which cause such event would not have occurred; and in order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

**Answer "Yes" or "No.:**

(a)    **Wal-Mart Stores, Inc.**                    _____

(b)    **Rafael Asbeuri**                           _____

If you have answered "no" to subsection "a", sign the jury verdict and do not answer any further questions.

If you have answered "yes" to subsection "a", but have answered "no" to subsection "b", do not answer Question No. 2.  Go directly to Question No. 3.

If you have answered "yes" to both subsections "a" and "b", go to Question 2.

## QUESTION NO. 2

**What percentage of the negligence that caused the occurrence do you find to be attributable to each of those found by you in answer to Question No. 1, to have been negligent.**

You are instructed that the percentages you find must total 100 percent. The negligence attributable to any one named below is not necessarily measured by the number of acts or omissions found

| a) | **Wal-Mart Stores , Inc.** | _____% |
| b) | **Rafael Asbeuri,** | _____% |
| | **TOTAL** | **100%** |

If, in answer to Question 1, you have answered "No" for Rafael Asbeuri or if in Answer to Question 2, you have answered 50 percent or less for Rafael Asbeuri, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 3

**What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate Plaintiff Rafael Asbeuri for his injuries, if any, which you find from a preponderance of the evidence resulted from the occurrence in question?**

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

Do not reduce the amounts, if any, in your answers because of the negligence, if any, Rafael Asbeuri.

Answer in dollars and cents for damages, if any, for Rafael Asbeuri:

| | |
|---|---|
| physical pain and suffering which were sustained in the past; | $ _____ |
| physical pain and suffering which in all reasonable probability will be sustained in the future | $ _____ |
| physical impairment which was sustained in the past | $ _____ |
| physical impairment which in all reasonable probability will be sustained in the future | $ _____ |
| disfigurement in the which was sustained in the past and future | $ _____ |
| mental anguish which was sustained in the past | $ _____ |

mental anguish which in all probability
will be sustained in the future                             $ _____

      If you have answered any subsection of Question 3, with a monetary amount, then go to Question 4.    Otherwise, sign the jury verdict and do not answer any further questions.

## QUESTION NO. 4

What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate Plaintiffs Cruz Mario Trevino and Norma Alicia Rodriguez for their injuries, if any, which you find from a preponderance of the evidence resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

Do not reduce the amounts, if any, in your answers because of the negligence, if any, Rafael Asbeuri.

Answer in dollars and cents for damages, if any, of Cruz Mario Trevino and Norma Alicia Rodriguez:

reasonable medical care and expense
that were sustained in the past;                        $ _____

reasonable medical care and expense which
in all reasonable probability will
be sustained in the future                              $ _____

## VERDICT OF THE JURY

We the jury, have answered to the foregoing special issues in the manner indicated in this verdict form, and return these answers into Court as our verdict.

_____

FOREMAN OR FOREWOMAN